FILED
Sep 16, 2025
11:43 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| DeAndre Miles | Docket No. 2023-08-8556 |
| v. | State File No. 19676-2023 |
| Nike Inc. Footwear, et al. | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee questions the trial court's order denying his request to be provided a new authorized treating physician. The employee expressed dissatisfaction with his authorized physician and requested a new doctor. The employer declined, asserting that the employee has received all the benefits to which he is currently entitled and that the authorized physician placed the employee at maximum medical improvement with no permanent medical impairment. After an expedited hearing, the trial court issued an order declining to order the employer to provide a new panel of physicians but observing that the employee could return to his authorized physician. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

DeAndre Miles, Memphis, Tennessee, employee-appellant, pro se

Vickie M. Cruzen, Memphis, Tennessee, for the employer-appellee, Nike Inc. Footwear

**Memorandum Opinion**[1]

DeAndre Miles ("Employee") was working for Nike Inc. Footwear ("Employer") when he reported an injury to his low back on March 11, 2023.[2] He described operating a forklift to pick orders when the forklift malfunctioned, jerking him and causing low back complaints. Employer accepted the claim as compensable and provided workers' compensation benefits, including authorized medical treatment with Dr. Sam Murrell, an orthopedist.

Dr. Murrell ordered CT scans and MRIs of Employee's cervical, thoracic, and lumbar spine, none of which revealed evidence of an acute injury. Dr. Murrell did observe that Employee had a small annular tear and evidence of nodal disease, but he did not relate either of those findings to the work accident. After a course of conservative treatment, Dr. Murrell placed Employee at maximum medical improvement on November 17, 2023, opining that he retained no permanent anatomical impairment and returning him to work without restrictions.

Employee expressed dissatisfaction with his treatment, asserting that Dr. Murrell did not explain the CT and MRI findings sufficiently or offer him alternative treatment plans. Employee filed a petition for benefit determination on December 8, 2023, asserting that he is still having problems that he believes are related to the work injury. After unsuccessful mediation, the trial court held an expedited hearing and later issued an order denying Employee's request to designate a new authorized physician. The court found that the circumstances surrounding Employee's request did not justify requiring Employer to provide a new panel and that Employee could return to Dr. Murrell, who had not declined to see him. The court also denied Employee's request for temporary disability benefits. Employee has appealed.

On his notice of appeal, Employee contends he was not allowed to present medical documentation at the expedited hearing, and he asserts he was not provided adequate medical care. Employee attempted to prepare and file a statement of the evidence, but Employer objected to the contents of the statement, asserting that it contained argument and was not an accurate description of the testimony presented at the hearing. Ultimately the trial court agreed with Employer and declined to certify the statement of the evidence "as a fair and accurate summary of the testimony presented at the hearing." *See* Tenn. Comp. R. & Regs. 0800-02-22-.05(1)(b) (2023). Without a transcript or statement of the evidence, we must presume the evidence presented at the hearing supported the factual findings of the trial court. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV,

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] Throughout the record, Employer is identified in different ways, including "Nike Inc. Footwear," "Nike Inc Global Ops" and "104306-DC Operations." For purposes of this opinion, we have used the same corporate designation used by the trial court.

2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Moreover, neither party filed a brief on appeal. Thus, we have no transcript and no legal argument from Employee explaining how the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

At an expedited hearing, an employee has the burden of proving he or she is "likely to prevail at a hearing on the merits of his claim for benefits." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Based on the record before us, we agree with the trial court's finding that Employee has not met his burden of showing he will likely prevail at trial in establishing his entitlement to additional medical or disability benefits at this time. In short, the preponderance of the evidence before us supports the trial court's findings.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

DeAndre Miles

v.

Nike Inc. Footwear, et al.

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

Docket No.  2023-08-8556

State File No.  19676-2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| DeAndre Miles | | | | X | drefreshmuzik@gmail.com |
| Vickie Moffett Cruzen | | | | X | vmoffettcruzen@swlawpllc.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov